Miguel Vargas, demandante y apelante, *v.* Esperanza Cruz Vélez, demandada y apelada.

No. 3373.—*Visto:* Febrero 10, 1925. *Resuelto:* Marzo 10, 1925.

1. Contratos—Requisitos y Validez—Legalidad del Objeto y la Causa.—Un contrato por el cual un heredero conviene en dar a un supuesto hijo natural la mitad de la herencia que pudiera corresponder a aquél a la muerte de su padre, siempre que el hijo natural no promueva demanda de filiación, viola el artículo 1238 del Código Civil y es nulo.

2. CONTRATOS—REQUISITOS Y VALIDEZ—CAUSA (*Consideration*).—Un contrato para dar a un supuesto hijo natural la mitad de los bienes del caudal hereditario del padre al ocurrir la muerte de éste, a cambio de que aquél no promueva demanda de filiación es nulo por carecer de causa o consideración.

3. CONTRATOS—REQUISITOS Y VALIDEZ—REQUISITOS FORMALES.—Un contrato que es nulo cuando se hace no puede ser más tarde ratificado.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), en una acción sobre cumplimiento de contrato, desestimando la demanda en todas sus partes, con costas. *Confirmada.*

*Pascasio Fajardo Martínez,* abogado del apelante; *José Sabater,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este es un pleito para hacer efectivo un convenio que alega el demandante haber celebrado con la demandada y por el cual ésta quedó obligada a dar al demandante la mitad de toda la herencia que pudiera corresponderle a la muerte de su padre natural Avelino Cruz y Toro. Se aduce además por el demandante que tal convenio tuvo por consideración ciertos servicios personales que le prestara a la demandada y no promover además demanda de filiación contra el padre de la demandada a fin de obtener su reconocimiento de hijo natural.

El convenio se efectuó por documento privado en 31 de diciembre de 1915 y Avelino Cruz y Toro falleció el 15 de noviembre de 1921, por lo que el demandante exigió de la demandada el cumplimiento del contrato, alegando que si bien ella lo ratificó oralmente, se negó finalmente a cumplirlo, siguiéndose entonces la iniciación de este litigio.

La demandada excepcionó la demanda por falta de causa de acción y la corte inferior sostuvo la excepción por dos motivos: 1, por carecer de consideración el contrato, y 2, por tratarse de un convenio expresamente prohibido por disposición del artículo 1238 del Código Civil Revisado.

Este artículo textualmente dice:

"Art. 1238.—Pueden ser objeto de contrato todas las cosas que no están fuera del comercio de los hombres, aún las futuras.

"Sobre la herencia futura no se podrá, sin embargo, celebrar otros contratos que aquellos cuyo objeto sea practicar entre vivos la división de un caudal conforme al artículo 1023.

"Pueden ser igualmente objeto de contrato todos los servicios que no sean contrarios a las leyes o a las buenas costumbres."

[1] El apelante no hace en su alegato un señalamiento específico de errores, ni en su argumentación general cita jurisprudencia o autoridades que pudieran sostener su simple alegación, sin más razonamientos, que el convenio de este caso no está comprendido en la prohibición del artículo 1238, *supra,* por ser el demandante extraño a la herencia. Todo ello sería bastante para sostener, sin ulterior consideración, la correcta conclusión a que llegó la corte inferior. Sin embargo, en uso de nuestra discreción, es conveniente que digamos que la ley no distingue y ella comprende todas las modalidades que pueden revestir dichos pactos, salvo la excepción que establece la misma ley. En este caso el pacto implicaba la renuncia a la mitad de una herencia futura (*non succedendo*), pues su condición para tener efecto descansaba en el fallecimiento del padre natural de la demandada. Esta condición que para los romanos llevaba implícita, el *votum captandae mortis,* el deseo de la muerte, fué la razón que desde entonces se tuvo para la prescripción de tales pactos. No es nuestro objeto discutir el motivo de la ley, ya que el seguro de vida es de creación moderna y la tradición no se ha tenido en cuenta para darle vida a esos pactos que autorizan otras leyes, pero se trata de un precepto positivo que se conserva en nuestra legislación y debemos darle entera aplicación.

[2] El apelante también ha intentado sortear hasta cierto punto la prohibición de la ley e insiste que el convenio no tiene otra significación que determinar el importe de lo que en consideración al contrato se obligaba a dar la demandada, fijándose dicho importe en la mitad de la herencia y que el evento dependiente de la muerte del causante más bien era

el plazo cierto que habría de llegar para tener efecto el con-venio. No hay contrato sin que concurran los tres requisitos de consentimiento, objeto y causa (artículo 1228 del Código Civil Revisado). Estos elementos, no obstante su íntima re-lación, no pueden confundirse. Del objeto no puede decirse que sea el más fundamental en un contrato, pero parece ser el más fácilmente apreciable, pues sin consentimiento o sin causa puede existir una apariencia de contrato, pero sin aquel no existe nada, pues la realidad es la que le da vida al contrato.

En este caso el objeto sobre que recae la consideración o causa es la herencia futura, pues depende para diferirse de la muerte del padre de la demandada y en esto consiste la prohibición de la ley.

[3] Se alega por otra parte que fallecido el causante de la demandada el convenio fué ratificado oralmente por dicha demandada y que a los efectos de la excepción previa esta alegación se debió tener como cierta. Nada aduce el ape-lante en apoyo de la teoría de la ratificación de un contrato de tal naturaleza, ni tampoco ninguna indicación se hace en la opinión de la corte inferior, ni por el apelado.

La cuestión, por consiguiente, que parece plantearse es si produciendo absoluta ineficacia las prohibiciones del ar-tículo 1238 y siguientes del Código Civil Revisado que se re-fieren a lo que no puede ser objeto de los contratos, por im-posibilidad física, ilicitud o interés público muchas veces, tales contratos pueden ser ratificados. Nos sentimos incli-nados a la negativa.

En el caso de *Ledesma et al.* v. *Agraít et al.,* 19 D. P. R. 572, 573 y 574, en relación con las prohibiciones que especi-fica el artículo 1362 del Código Civil Revisado, se discute el efecto que puede producir la ratificación de contratos cele-brados en contravención a la ley. Allí se interpretó el ar-tículo 4 del Código Civil Revisado diciendo que la palabra "nulo" que emplea significa "nulo" o "anulable" y de ahí

la consecuencia de no ser o ser ratificable un contrato, dependiendo, según se deja establecido como principio general, de la naturaleza esencial del contrato.

En el presente caso la oposición de la ley versa sobre el objeto. No se puede comprender en él la herencia futura salvo lo dispuesto en el artículo 1023. No ha existido objeto por imposibilidad legal y el contrato no era ratificable por faltar uno de sus requisitos. Artículo 1277 del Código Civil Revisado. La ratificación no cambiaría la razón que tuvo el legislador para prohibir los pactos sucesorios y por el contrario su propósito era para que no pudieran subsistir tales pactos.

Por las razones expuestas, *la sentencia inferior debe confirmarse.*